UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VERA KUZMENKO,<br><br>Defendant. | No. 2:11-cr-00210-DAD-DB-1<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING THE PENDING 28 U.S.C. § 2255 MOTION<br><br>(Doc. Nos. 1070, 1202) |

Defendant-Movant Vera Kuzmenko is a federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1070.) In her motion filed on February 1, 2021, movant asserts 10 claims for relief, all of which are based on her contention that she received ineffective assistance from her trial counsel. (*Id.*) On February 2, 2021, the court directed the Clerk of the Court to assign a magistrate judge to review the pending motion. (Doc. No. 1071, 1072.) On June 25, 2021, the government filed an opposition to defendant's pending § 2255 motion. (Doc. No. 1130.) Defendant filed a reply thereto on October 7, 2021. (Doc. No. 1148.)[1]

On May 15, 2024, the assigned magistrate judge issued findings and recommendations recommending that defendant's pending § 2255 motion be denied on the merits because

---

[1] On August 25, 2022, the case was reassigned to the undersigned district judge. (Doc. No. 1177.)

1

1 defendant failed to demonstrate that she received ineffective assistance from her trial counsel.
2 (Doc. No. 1202 at 9–27.)  Those findings and recommendations were served on the parties and
3 contained notice that any objections thereto were to be filed within fourteen (14) days after
4 service of the findings and recommendations and that any response to objections be filed within
5 fourteen (14) days of service of objections.  (*Id.* at 29.)  No objections to the pending findings and
6 recommendations have been filed, and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending § 2255 motion must be denied, the court will also decline to issue a certificate of appealability.  In this regard, a movant cannot appeal from the denial or dismissal of her § 2255 motion unless she has first obtained a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Here, movant has failed to make the required showing.

For these reasons:

1. The findings and recommendations filed on May 15, 2024 (Doc. No. 1202) are adopted in full;

2. Defendant Vera Kuzmenko's motion brought pursuant to 28 U.S.C. § 2255 (Doc. No. 1070) is dismissed;

3. The court declines to issue a certificate of appealability under 22 U.S.C. § 2253(c); and

/////

/////

2

4. The Clerk of the Court is directed to close this case as well as the companion civil case No. 2:21-cv-00200-DAD-DB.

IT IS SO ORDERED.

Dated: **August 2, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE