UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VERA KUZMENKO,<br><br>Defendant. | No.  2:11-cr-00210-DAD-1<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. Nos. 1203, 1226, 1229) |

On June 10, 2024, defendant Vera Kuzmenko (hereinafter "defendant"), proceeding *pro se* filed a motion seeking her compassionate release from federal custody pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Doc. No. 1203.)  On July 17, 2024, after obtaining an extension of time in which to do so, the government filed its opposition to that motion.  (Doc. No. 1212.)  On October 2, 2024, the court appointed counsel to represent defendant in connection with the pending motion (Doc. No. 1224) and on January 6, 2025, counsel filed a reply in support of the pending motion.  (Doc. No. 1226.)  On January 31, 2025, after obtaining an extension of time in which to do so, the government filed a sur-reply in opposition to defendant's motion for compassionate release.  (Doc. No. 1234.)

In the pending motion, defendant contends that "extraordinary and compelling" reasons support the granting of her motion.  For the reasons explained below, defendant's motion will be denied.

1

## BACKGROUND

Defendant was indicted in this case by a federal grand jury on May 12, 2011.  (Doc. No. 14.)  On November 3, 2011, a superseding indictment was returned against ten defendants in which defendant was charged with wire fraud, mail fraud, money laundering, and witness tampering.  (Doc. No. 123.)  Defendant proceeded to jury trial on November 2, 2015, before the previously assigned district judge and on December 4, 2015, was convicted of multiple counts of wire fraud, three counts of mail fraud, one count of money laundering and one count of witness tampering, while being acquitted on two of the money laundering counts.   (Doc. Nos. 656, 713.)  On March 15, 2016, defendant was sentenced to 168–month concurrent terms in federal prison on each of the counts of conviction to be followed by an aggregate term of 36–months on supervised release.  (Doc. Nos. 799; 806 at 3; 1130-2.)

The post-conviction proceedings in defendant's case are lengthy.  On March 22, 2016, movant filed an appeal from her judgment of conviction and sentence.  (Doc. No. 813.)  On June 5, 2019, the judgment of conviction was affirmed by the Ninth Circuit in *United States v. Kuzmenko*, 777 F. App'x 186, 189 (9th Cir. 2019).  (Doc. Nos. 969, 970.)  Defendant next filed a motion for compassionate release which was denied by the previously assigned district judge in 2017.  (Doc. No. 1038-1 at 8-9.)  On October 2, 2020, defendant filed an emergency motion for compassionate release (Doc. No. 1030) that was denied on November 2, 2020.  (Doc. No. 1043.)  Defendant then sought reconsideration of that order, which was also denied.  (Doc. Nos. 1044, 1049.)  Defendant appealed and the Ninth Circuit affirmed the denial of her motion for compassionate release.  (Doc. Nos. 1047, 1048, 1142, 1145.)  Defendant next filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on February 1, 2021.  (Doc. No. 1070.)  The government opposed that motion (ECF No. 1130) and movant filed a reply (Doc. No. 1148).[1]  On May 15, 2024, the then-assigned magistrate judge issued findings and recommendation recommending that defendant's § 2255 motion be denied.  (Doc. No. 1202.)  On

---

[1]  On April 19, 2024, defendant filed a motion for extraordinary compassionate release in a civil case pending in the Northern District but was advised in an order issued by the district judge presiding over that action that she and others who had submitted such motions should instead present them to their sentencing judges.  (*See* Doc. No. 1226 at 2–3.)

June 10, 2024, defendant filed another *pro se* motion for compassionate release which is now pending before the court.  (Doc. No. 1203.)[2]  On August 5, 2024, the undersigned adopted the May 15, 2024 findings and recommendations and denied defendant's § 2255 motion.  (Doc. No. 1217.)  As noted, following his appointment by the court (Doc. No. 1224) counsel for defendant filed a reply in support of the pending motion for compassionate release.  (Doc. No. 1226.)

In her *pro se* motion, defendant argues that at one of her prior institutions of confinement, the now closed FCI Dublin, she had received inadequate medical care, been the subject of staff misconduct and harassment, and been denied certain time credits due to her immigration status. (Doc. No. 1203 at 1–4.)  In the reply submitted on defendant's behalf, her counsel reiterates the contentions of the *pro se* motion and in addition argues that:  (1) defendant exhausted her administrative remedies by emailing a request for compassionate release to the Warden at one of her prior institutions of confinement, FCI Miami, on June 23, 2024, after her pending *pro se* motion was filed; (2) defendant suffers from several chronic medical conditions that are not being properly managed or treated in BOP custody; (3) defendant's sister suffers from a serious disability and defendant's release is necessary in order to allow her to care for her sister; and (4) defendant has no disciplinary record since being imprisoned, poses a low risk of recidivism, and has a well-developed release plan.  (Doc. 1226 at 1–16.)

The government opposes the pending motion, arguing that defendant failed to properly exhaust her administrative remedies with respect to all her claims, failed to demonstrate extraordinary and compelling reasons justifying compassionate release, and that even if she had done so consideration of the § 3553(a) factors in her case strongly weigh against the granting of relief in light of the serious, egregious, and repeated nature of defendant's criminal conduct. (Doc. Nos. 1212, 1234.)

Notably, since January 16, 2025, defendant has been serving her sentence on home confinement under the supervision of the BOP's Sacramento Residential Re-Entry Center

/////

---

[2] On August 25, 2022, this case was reassigned to the undersigned.  (Doc. No. 1177.)

3

("RRM"). (Doc. No. 1234-1.) Defendant's projected release date is reported to be September 16, 2026. (*Id.* at 3.)

## APPLICABLE LEGAL STANDARDS

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances.") (alterations in original) (citation omitted). Those limited circumstances include compassionate release in extraordinary cases. *See United States v. Holden*, 452 F. Supp. 3d 964, 968 (D. Or. 2020). Prior to the enactment of the First Step Act of 2018 ("the FSA"), motions for compassionate release could only be filed by the BOP. 18 U.S.C. § 3582(c)(1)(A) (2002). Under the FSA, however, imprisoned defendants may now bring their own motions for compassionate release in the district court. 18 U.S.C. § 3582(c)(1)(A) (2018). In this regard, the FSA specifically provides that a court may:

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that–
>
> (i)    extraordinary and compelling reasons warrant such a reduction; or
>
> (ii)   the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) and (ii).

/////

4

A reduction in sentence "must be consistent with the factors set forth in 18 U.S.C. § 3553(a) and any applicable Sentencing Commission policy statement." *United States v. Gerrans*, No. 23-3822, 2024 WL 4814876, at *1 (9th Cir. Nov. 18, 2024).[3] "The U.S. Sentencing Commission issued a policy statement for reduction of a sentence under § 3582(c)(1)(A)(i) in its November 1, 2023 Guidelines Manual." *United States v. Simpson*, No. 3:97-cr-02903-BTM, 2024 WL 5193853, at *2 (S.D. Cal. Dec. 19, 2024). The policy statement provides that a court may reduce a sentence after considering the § 3553(a) factors if it finds that (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a); *see also United States v. Castro-Camacho*, No. 24-6145, 2025 WL 2206110, at *2 (9th Cir. Aug. 4, 2025) ("On a compassionate-release motion brought under § 3582(c)(1)(A), a district court may reduce a sentence for 'extraordinary and compelling reasons' that are consistent with the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13."). The policy statement further addresses "what qualifies as 'extraordinary and compelling reasons' to release a defendant from BOP custody." *United States v. Jackson*, No. 1:06-cr-00134-JLT-1, 2025 WL 1255131, at *3 (E.D. Cal. Mar. 31, 2025) (citing U.S.S.G. § 1B1.13); *see also United States v. Inchaurregui*, Case No. 22-cr-02528-BAS-2, 2023 WL 7926797, at *2 (S.D. Cal. Nov. 16, 2023) ("The Sentencing Commission has recently provided definitions of extraordinary and compelling reasons . . . ."). These extraordinary and compelling reasons are:  (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) defendant as victim of abuse; (5) other reasons presented by defendant alone or in combination with the foregoing reasons, of similar gravity to the foregoing reasons; and (6) defendant's unusually long sentence. *Jackson*, 2025 WL 1255131, at *3; *see also United States v. Fernandez*, No. 5:13-cr-00527-EJD-1, 2025 WL 943136, at *1 (N.D. Cal. Mar. 18, 2025) ("The Sentencing Commission's policy statement regarding compassionate release is set forth in U.S.S.G. § 1B1.13.  The statement provides six general

[3]  Citation  to this and other unpublished Ninth Circuit opinions in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

5

circumstances that may constitute an extraordinary and compelling reason for compassionate release . . . .").

"Under § 1B1.13(b)(5), the court retains substantial discretion to determine what constitutes extraordinary and compelling reasons." *United States v. Gaitan-Ayala*, No. 07-cr-00268-JMS-1, 2024 WL 3316295, at *2, n.3 (D. Haw. July 5, 2024) (citing cases); *see also Castro-Camacho*, 2025 WL 2206110, at *2 ("'[A]ny other circumstance' may also qualify for relief, but only if it is 'similar in gravity' to those delineated."); *United States v. Evans*, 759 F. Supp. 3d 1247, 1267 (S.D. Fla. Dec. 10, 2024) (recognizing that "[t]hus, in drafting § 1B1.13(b)(5), the Commission's express aim was to purposefully empower judges to exercise broad discretion, and decide on a case-by-case basis whether the catch-all provision should be applied to a particular sentence") (citing cases); *United States v. Aigbekaen*, No. 15-cr-00462-JKB, 2025 WL 1347054, at *3 (D. Md. May 8, 2025) ("This 'catchall' provision 'maintains the broad discretion conferred on district courts to consider a wide array of extraordinary and compelling justifications for release.'"). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d).

In the past, when moving for relief under 18 U.S.C. § 3582(c), it was recognized that the defendant bore the initial burden of demonstrating that a sentence reduction was warranted. *See United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998). Likewise, the defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *see also United States v. Greenhut*, No. 2:18-cr-00048-CAS, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020); *United States v. Van Sickle*, No. 18-cr-00250-JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020).

**ANALYSIS**

As district courts have summarized, in analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must determine whether a defendant has satisfied three requirements:

> First, as a threshold matter, the statute requires defendants to exhaust administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. Third, the district court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable." *Id*.

*United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019); *see also United States v. Ramirez-Suarez*, No. 16-cr-00124-LHK-4, 2020 WL 3869181, at *2 (N.D. Cal. July 9, 2020); *United States v. Parker*, 461 F. Supp. 3d 966, 973–74 (C.D. Cal. 2020); *United States v. Trent*, No. 16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (noting that as to the third factor, under 18 U.S.C. § 3582(c)(1)(A) release must be "consistent with" the sentencing factors set forth in § 3553(a)).

### A.    Administrative Exhaustion

In this case it is disputed whether defendant has satisfied the exhaustion requirement imposed by 18 U.S.C. § 3582(c)(1). Because the court will deny defendant's motion on the merits, it will assume for purposes of resolving the pending motion that defendant has satisfied the exhaustion requirement.

### B.    Extraordinary and Compelling Reasons

As stated, "extraordinary and compelling reasons" warranting compassionate release may exist based on a defendant's medical conditions, age and other related factors, family circumstances, victimization, unusually long sentence, or "other reasons." U.S.S.G. § 1B1.13(b)(1)–(6). Here, as noted above, defendant argues in the pending motions that her compassionate release is warranted based upon extraordinary and compelling reasons. The government opposes the pending motion, arguing that the circumstances defendant bases her motion upon are not extraordinary and compelling and, even if they were, consideration of 18 U.S.C. § 3553(a) weighs against the granting of relief.

Considering all of the circumstances outlined above in combination, the court concludes that defendant has not met her burden of demonstrating the existence of extraordinary and compelling circumstances justifying a reduction of the 168–month term of imprisonment imposed

in her case.  For over a year now, defendant has been serving the remainder of her sentence on home confinement and she has submitted nothing to the court explaining how that change in her place of confinement has been inadequate to address most, if not all, of the circumstances upon which her motion for compassionate release relies.  Moreover, as the government persuasively argues, even as to the time period when she was serving her sentence at an FCI, defendant has failed to establish through the presentation of evidence that her medical conditions were not being adequately managed in BOP custody, that she had filed any administrative claim regarding the alleged conditions of her confinement at FCI Dublin, or that she was the only family member who could provide care for her sister.

**C.      § 3553 and Other Relevant Factors**

Any relief to be granted pursuant to 18 U.S.C. § 3582(c)(1)(A) must also be consistent with consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See Parker*, 461 F. Supp. 3d at 979.  As noted, the government argues that the serious and brazen nature of defendant's criminal conduct compels the conclusion that consideration of the § 3553(a) factors weighs heavily against the granting of the requested relief.  (Doc. Nos. 1212 at 8–11; 1234 at 6–9.)  The government's argument in this regard is wholly persuasive.[4]

/////

---

[4]  As the then-assigned magistrate judge summarized in recommending the denial of defendant's § 2255 motion:

> Movant held a leadership role in a large mortgage fraud scheme in Sacramento, from 2006 to 2008, involving over 25 charged individuals and others who were not charged. (ECF No. 789 (Presentence Report ("PSR") ¶¶ 2-29, 45.)  Movant recruited straw buyers to purchase homes at inflated prices so that movant and her co-defendants could drain money from escrows and pocket large commissions. (Id. at ¶¶ 16-20, 28.)  The scheme involved at least 38 property transactions, resulting in over $30 million in loans obtained by fraud, and movant caused over $16 million in loss.  (Id. at ¶ 21.)  The scheme included wire fraud, mail fraud, and money laundering.  Movant also taught at least one other person (charged elsewhere) how to create a mortgage fraud group.  (Id. at ¶ 29.)  In addition, movant tampered with witnesses by instructing straw buyers to lie to the FBI and claim that Miraslava Chekin, a deceased witness, had prepared the fraudulent loan papers. (Id. at ¶¶ 25-27.)

(Doc. No. 1202 at 2–3.)

**CONCLUSION**

For the reasons explained above:

1.) Defendant Vera Kuzmenko's motion for compassionate release (Doc. Nos. 1203, 1226) is DENIED;

2.) Defendant's "Notice of Request to Seal Documents" (Doc. No. 1229), construed by the court as a request to seal, is GRANTED; and

3.) The Clerk of the Court is directed to once again close this case as to this defendant.

IT IS SO ORDERED.

Dated:    **February 17, 2026**                  _Dale A. Drozd_
                                        DALE A. DROZD
                                        UNITED STATES DISTRICT JUDGE

9